UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALVATORI ZIZZO, II,                                  Case No. 12-14042

              Plaintiff,                          Lawrence P. Zatkoff
v.                                                    United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                      Michael Hluchaniuk
                                                      United States Magistrate Judge

              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 15)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On September 12, 2012, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Lawrence P. Zatkoff referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 2).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 10, 15).

### B.   Administrative Proceedings

Plaintiff filed the instant claims for a period of disability and disability

insurance benefits on November 19, 2010, along with a clam for supplemental

security income on December 1, 2010,  alleging that he became disabled on

September 1, 2007.  (Dkt. 5-2, Pg ID 48).  The claims were  initially disapproved

by the Commissioner on April 1, 2011.  (Dkt. 5-2, Pg ID 48).  Plaintiff requested a

hearing and on January 13, 2012, plaintiff appeared with an attorney before

Administrative Law Judge (ALJ) Oksana Xenos, who considered the case de novo.

In a decision dated March 16, 2012, the ALJ found that plaintiff was not disabled.

(Dkt. 5-2, Pg ID 48-57).  Plaintiff requested a review of the ALJ's decision on

March 26, 2012.  (Dkt. 5-2, Pg ID 43).  On July 17, 2012, the Appeals Council

reversed the ALJ's decision as to the SSI claim, finding that plaintiff became

disabled on December 1, 2010, the date of the SSI application because under the

medical-vocational rules and his advanced age, plaintiff was disabled under the

grid.  (Dkt. 5-2, Pg ID 24-36).  Specifically, the Appeals Council concluded:

> The decision utilized section 204.00 of the
> Medical-Vocational Rules as a framework for
> decision-making in concluding that the claimant can
> perform jobs that exist in significant numbers in the
> national economy. Harry Cynowa, an impartial
> vocational expert, testified that an individual of the
> claimant's age, education, work experience, and residual

functional capacity would be able to perform the requirements of representative
occupations such as hand packager (559.687-074), small products assembler
(706.684-022), and visual inspector (222.687-010). The Dictionary of
Occupational Titles indicates that these positions are all performed at the light
exertional level, and Mr. Cynowa testified that the claimant would be unable to
perform positions at the medium exertional level because those positions require

more than occasional contact with coworkers and are production work. Therefore, the nonexertional limitations in the residual functional capacity limit the claimant to performing no more than the light jobs identified by the vocational expert. Accordingly, because the claimant's nonexertional limitations preclude the performance of occupations requiring medium or higher exertional demands, the use of the Medical-Vocational Rules for an individual with a light residual functional capacity is appropriate.

> The corresponding Medical-Vocational Rule for an individual of "advanced age," with at least a high school education or more - does not provide for direct entry into skilled work, unskilled or no previous work experience, and the residual functional capacity to perform a reduced range of light work is Rule 202.04. This Rule directs a finding of "disabled." Accordingly, the Appeals Council concludes that the claimant has been under a disability since December 1, 2010.

(Dkt. 5-2, Pg ID 32).  The Appeals Council considered the additional exhibits

plaintiff submitted, making them part of the record.  (Dkt. 5-2, Pg ID 28).  Based

on the record, the Appeals Council made the following findings:

1.   The claimant has not engaged in substantial gainful activity since December 1, 2010.

2.   The claimant has the following severe impairments: bipolar disorder, dysthymia,  anxiety disorder, personality disorder, and polysubstance abuse.

3.   The claimant does not have an impairment or combination of impairments that meet(s) or medically equal(s) the criteria of any impairment listed in Appendix I, Subpart P of Regulations No. 4.

4.   The claimant retains the residual functional capacity to perform a full range of work at all exertional levels but requires unskilled, routine, non-production-oriented work with only

occasional contact with coworkers and supervisors; must avoid all contact with the general public; requires work that involves only minimal changes in the work setting; and can finger and handle objects with the right upper extremity on a frequent basis. However, pursuant to vocational expert testimony, the nonexertional limitations in the residual functional capacity limit the claimant to performing jobs at the light exertional level.

5.      The claimant is unable to perform past relevant work.

6.      The claimant was 55 years old on the date the application was filed, which is defined as an individual of advanced age. He is a high school graduate or more and he has no previous work experience.

7.      The claimant's medical-vocational factors satisfy the criteria of Rule 202.04, Table 1, of Appendix 2, Subpart P, Regulations No. 4.

8.      The claimant has been disabled, as defined in the Social Security Act, since December 1, 2010.

(Dkt. 5-2, Pg ID 34).  As to plaintiff's claims for disability insurance and a period of disability, the Appeals Council denied plaintiff's request for review.  (Dkt. 5-2, Pg ID 24-26).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, and defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.      FACTUAL BACKGROUND

A.    <u>ALJ Findings</u>

Plaintiff was 55 years of age at the time he filed his claims and 42 years old

on the alleged disability onset date.  (Dkt. 5-2, Pg ID 34, 56).  Plaintiff's past work

included work as a production coordinator.  The ALJ applied the five-step

disability analysis to plaintiff's claim and found at step one that plaintiff had not

engaged in substantial gainful activity since the alleged onset date.  (Dkt. 5-2, Pg

ID 50).  At step two, the ALJ found that plaintiff's bipolar disorder, dysthymia,

anxiety disorder, personality disorder, and polysubstance abuse were "severe"

within the meaning of the second sequential step.  (Dkt. 5-2, Pg ID 51).  At step

three, the ALJ found no evidence that plaintiff's combination of impairments met

or equaled one of the listings in the regulations.  *Id*.  The ALJ concluded that

plaintiff has the residual functional capacity as follows:

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual
> functional capacity to perform a full range of work at all
> exertiona1 1eve1s but the claimant requires unskilled,
> routine, non-production -oriented work with only
> occasional contact with coworkers and supervisors. The
> claimant must avoid all contact with the general public
> and he requires work that involves only minimal changes
> in the work setting. The claimant can finger and handle
> objects with the right upper extremity on a frequent basis.

(Dkt. 5-2, Pg ID 52).  At step four, the ALJ found that plaintiff could perform his

past relevant work.  (Dkt. 5-2, Pg ID 55).  At step five, the ALJ concluded that

based on the vocational testimony, considering plaintiff's age, education, work experience, and RFC, sufficient work exists in the national economy that plaintiff was capable of performing.  (Dkt. 5-2, Pg ID 57).

    B.    <u>Plaintiff's Claims of Error</u>

While the ALJ expressly found as fact that plaintiff had moderate limitations with regard to concentration, persistence, and pace, the hypothetical propounded to the VE referred only to "unskilled, routine, non production oriented work with occasional contact with co-workers and supervisors and no contact with the general public and minimal changes in the work setting."  (Tr. 74-75). According to plaintiff, at no point did the ALJ discuss limitations corresponding to difficulties in concentration, persistence, or pace, although the VE testified that such limitations could be work-preclusive:

> Q    Okay. Please assume that due to frequent episodes of depression, altered mental state, pain, and a combination of other impairments that would cause the individual to be off task up to 20 per cent of the workday and therefore unable to sustain the concentration, persistence, or pace necessary to complete an 8 hour workday five days a week on a regular and continuing basis. Any jobs with that RFC?
>
> A    There'd be no competitive full time employment, Your Honor.

(Tr. 76).  According to plaintiff, limiting him to "unskilled, routine, non production oriented work" would address problems in learning a job or retaining instructions on how to perform it and limiting contact with co-workers, supervisors, and the

general public would address social issues. And, restricting changes in the work setting would deal with an inability to adapt to or learn new tasks and processes.

Plaintiff contends, however, that concentration, persistence, and pace are different. Plaintiff points to *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930 (E.D. Mich. 2005), in which the court found that moderate limitations of concentration, persistence, and pace may leave a claimant "unable to meet quotas, stay alert, or work at a consistent pace, even at a simple unskilled routine job." Plaintiff contends that none of these issues are addressed by the ALJ's hypothetical in this case. The *Edwards* court noted:

> The current hypothetical question is not adequate on the issue of moderate limitations of concentration, persistence and pace for this Court to have any idea as to the number of the assembly, packing, and sorting or security guard jobs identified by the VE that would be excluded if quotas or other aspects related to moderate concentration limitations were added to the hypothetical question. Each of these jobs seems to require a degree of sustained concentration, persistence and pace.

*Edwards*, at 930-931. Accordingly, the ALJ's hypothetical question was deemed inadequate in *Edwards*. Plaintiff maintains that the same deficiencies occur in this matter. The ALJ acknowledged limitations as to the form of the job, interaction with others on the job, and the effect of changes in the job, but she failed to address as well whether plaintiff could maintain adequate concentration and attention to attend to the required tasks in an appropriate, sufficient, and safe manner. Given

his clear and demonstrated mental issues, plaintiff asserts this is simply not an adequately inclusive hypothetical. Thus plaintiff asks this Court to remand to supplement the vocational testimony with a hypothetical question and response which fully and adequately discusses the limitations that would apply to plaintiff's ability to perform basic work functions.

In the alternative, plaintiff asks for a remand under sentence six. Plaintiff submitted additional evidence included records from two significant admissions to the VA Hospital in 2003, shortly after plaintiff's last date insured. (Tr. 939-1106). During each of these admissions, a history was taken of mental issues of several years duration. (Tr 948, 952). Furthermore, records from each admission evidenced mental issues of unquestioned severity, with GAF scores as low as 30 (Tr. 937) – indicative of "[s]ome impairment in reality testing or communication (e.g. speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." Quick Reference to the Diagnostic Criteria from DSM-IV-TR (American Psychiatric Ass'n, 2000), at 48. Plaintiff contends that these records suggest a far more pervasive and long-standing problem than the sparse records of that period reviewed by the ALJ otherwise demonstrated.

In addition, the records reflect long-standing problems with plaintiff's right hand and both feet. (Tr. 960). The ALJ dismissed these problems as non-severe

(Tr. 32), but, according to plaintiff, the ALJ would likely have had to take a new look if she had realized that plaintiff had complained of and treated for these problems prior to his last date insured.

Finally, plaintiff contends that the record makes it clear that, despite diligent efforts on the part of both the Agency and plaintiff, this evidence was not available at the time of the hearing and could not reasonably have been obtained earlier. The treatment related to a period several years prior to the filing of plaintiff's application and especially prior to the hearing. Accordingly, plaintiff maintains that if the ALJ's inadequate hypothetical is not a sufficient basis for a remand, the case should be sent back for further consideration of the additional new and material evidence submitted to the Appeals Council.

C.      The Commissioner's Motion for Summary Judgment

The Commissioner contends that plaintiff's arguments regarding the hypothetical question lack merit. According to the Commissioner, the ALJ's residual functional capacity — unskilled, routine, non-production oriented work with only occasional contact with coworkers and supervisors — reasonably accommodated plaintiff's mental limitations and was supported by substantial evidence. The Commissioner points out that this is not a case where the ALJ's only limitations were simple, unskilled, or routine work. The Commissioner maintains that plaintiff fails to suggest that any more restrictive limitations were

warranted or supported by the evidence.  The Commissioner says that ***Ealy*** is

consistent with the Commissioner's position.  In *Ealy*, there was evidence credited

by the ALJ stating that Ealy's ability to sustain attention over time, even for simple

repetitive tasks, was limited.  594 F.3d at 509.  Specifically, the ALJ in *Ealy*

indicated that he relied on the assessments made by two state agency

psychologists.  *Id.* at 517.  The two state agency psychologists reviewed the

medical evidence relating to Ealy's mental impairments and determined that Ealy

retained the mental ability to sustain attention to complete simple repetitive tasks,

but only for two-hour segments over an eight-hour day and where speed was not

critical.  *Id.*  The Sixth Circuit held the ALJ's hypothetical question failed to

accurately convey Ealy's mental limitation because it failed to convey "these

speed- and pace- based restrictions [as identified by the consultants] completely."

*Id*. at 516.  Contrary to plaintiff's suggestion, the Commissioner argues that the

Sixth Circuit did not hold that all individuals with moderate limitations in

concentration, persistence, or pace will have the same speed- and pace-based

restrictions as Ealy.  *See id*. at 517.  Rather, the Commissioner says that the Sixth

Circuit made a limited, fact-based, ruling that "the ALJ relied upon [the

consultants'] assessment, yet the ALJ did not fairly reflect that assessment in the

hypothetical because the court failed to include Ealy's time and speed restrictions."

*Id*. at 517.

The Commissioner also disagrees with plaintiff's reliance on *Edwards*, pointing out that several cases in this district disagree with *Edwards*. *See McNamara v. Comm'r of Soc. Sec.*, 2011 WL 7025855, at *12 (E.D. Mich. 2011) (adopted by 2012 WL 113541 (E.D. Mich. 2012), citing *Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375 (E.D. Mich. 2010); *Schalk v. Comm'r of Soc. Sec.*, 2011 WL 4406824 (E.D. Mich. 2011). A moderate impairment in the broad functional area of concentration, persistence, and pace does not necessarily preclude an ability to perform simple, routine, unskilled work. *McNamara*, 2011 WL 7025855, at * 12 (internal citations omitted). The ultimate question is whether the ALJ's decision was supported by substantial evidence. *Id*. A rating of "moderate" encompasses a large number of claimants who have "severe," but not listing-level, mental impairments. Clearly, not all of these claimants will have an identical level of limitations or identical residual functional capacity. Rather, the Commissioner points out that "[m]edically determinable mental disorders present a variable continuum of symptoms and effects." Social Security Ruling 85-16, 1985 WL 56855, at *1. Given the realm of possible residual functional capacity findings, the Commissioner argues that plaintiff's assertion that the ALJ's limitations in this cause could never adequately describe a claimant's concentration deficits undermines the individualized assessment of residual functional capacity that is necessary to an evaluation of disability. As

recognized by the Sixth Circuit in *Ealy*, determining what is an appropriate hypothetical question is necessarily fact-intensive, depending on the specific evidence and determinations in the case.

The Commissioner contends that, in this case, in addition to the other medical evidence in the record, the ALJ relied on the opinion of a state agency psychological consultant, Daniel Blake, Ph.D., and consultative examining psychologist, Nick Boneff, Ph.D.  Dr. Blake opined that plaintiff retained the sufficient mental functioning to perform simple work activity on a sustained basis. (Tr. 36, citing Tr. 100).  Dr. Blake opined that plaintiff's difficulties in sustained effort and concentration were not so severe as to preclude simple work activity. (Tr. 99).  Similarly, Dr. Boneff opined that plaintiff was capable of engaging in work on a sustained basis.  (Tr. 36, citing Tr. 415).  Specifically, Dr. Boneff opined that plaintiff was capable of engaging in work type activities of at least a moderate degree of complexity, remembering and executing a several step procedure on a sustained basis.  (Tr. 415).  Dr. Boneff also noted that plaintiff displayed moderate strengths in concentration as well as a capacity to pay attention.  (Tr. 415).  Neither Drs. Blake or Boneff identified any speed- or pace-based limitations.  (Tr. 412-15). According to the Commissioner, plaintiff cites no evidence of any speed- or pace-based limitations.  Moreover, there was nothing to suggest that plaintiff would be off-task for a work-preclusive percentage

of the day as both Drs. Blake or Boneff opined plaintiff could perform work on a sustained basis. (Tr. 100). The Commissioner maintains that the ALJ's residual functional capacity was consistent with the opinions of Drs. Blake and Boneff and, thus, was supported by substantial evidence.

Not only was the ALJ's residual functional capacity opinion supported by substantial evidence, but the Commissioner contends that plaintiff fails to offer evidence that any more restrictive limitations were warranted. According to the Commissioner, plaintiff offers no explanation for why a limitation to "non-production oriented work" would not accommodate any speed- or pace-based limitations. The Commissioner also points out that while plaintiff may disagree with the ALJ, the ALJ's findings concerning plaintiff's mental capabilities in the broad functional area of concentration, persistence, or pace, were well within the zone of reasonable choices. *See Mullen v. Bowen*, 800 F.2d 535, 595 (6th Cir. 1986). The substantial evidence standard presupposes that there is a zone of choice within which the decision maker can go either way, without interference by the courts. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Because the ALJ made a reasoned and reasonable decision based on substantial evidence, the Commissioner asserts that the ALJ's decision should be affirmed.

Plaintiff submitted additional evidence to the Appeals Council after the ALJ rendered his decision (Tr. 816-1106), and requests that his case be remanded under

sentence six for consideration of this post-decision evidence.  However, according to the Commissioner, plaintiff failed to prove that remand is warranted.  First, the Commissioner contends that plaintiff failed to prove that the latter submitted evidence was "new" evidence.  Evidence is considered new only if it was not in existence or available to the claimant at the time of the administrative proceeding. All of the evidence submitted to the Appeals Council dated back to prior to the hearing date (Exhibit 11, treatment records from Imad George, M.D., dated 1984-2006 (Tr. 818- 938); Exhibit 12, treatment notes from the Veterans' Administration from 2003 through 2007 (Tr. 942-41)).  Since the evidence pre-dates the hearing, the Commissioner says it was obviously in existence at the time of the hearing and plaintiff fails to adequately prove that the evidence was not available.

The Commissioner also points out that the documents contained in Exhibit 11F, Tr. 818-938, are treatment records from Dr. George and these records are nearly identical to the records from Dr. George that were received into the record by the ALJ.  (Compare, Tr. 565-659 (94 pgs) and Tr. 818-938 (120 pgs)). Following the hearing, the ALJ held the record open for 45 days for plaintiff to submit additional materials.  (Tr. 29).  Plaintiff submitted additional evidence and the ALJ received and considered this evidence, including Exhibit 9F.  (Tr. 29, 565-659).  Like Exhibit 11F, Exhibit 9F contains treatment records from Dr.

George.  (Tr. 565-659).  However, the Commissioner contends that plaintiff fails to identify which, of the 26 additional pages in Exhibit 11F, were not included in Exhibit 9F.  The Commissioner points out that Exhibits 9F and 11F have the exact same first nine pages of handwritten treatment notes.  (Compare, Tr. 565-73, Tr. 818-26).  And, both Exhibits 9F and 11F include the same physician's reports that appear to have been submitted in association with plaintiff's with claim against former employer, Rouge Steel Company.  (*See e.g.*, Tr. 601-04; Tr. 893-96). According to the Commissioner, plaintiff fails to identify any "new" material in Exhibit 11F.

Dr. George's records include documents relating to an employment claim brought by Plaintiff against his former employer, Rouge Steel.  The record contained materials related to this claim (Tr. 172-240), including deposition testimony from Dr. George (Tr. 172-200).  These records, including the deposition testimony, were received after the hearing, but before the ALJ closed the record. (Tr. 29, 40).  The Commissioner argues that not only does plaintiff fail to identify which documents were included in Exhibit 11F, but not Exhibit 9F, but he also fails to provide any explanation of what type on information was contained in the medical records that was not discussed by Dr. George in his deposition testimony. Thus, according to the Commissioner, plaintiff's sentence six argument concerning the documents in 11F is inadequate because he fails to specify which documents

had been submitted and considered by the ALJ and which ones had not. *See Bass v. McMahon*, 499 F.3d 506, 513 n. 3 (6th Cir. 2007) ("Plaintiff is now asking us to go through one-hundred-twenty-two pages to determine which of the records were not previously submitted, and which of these new records are material. This in and of itself is likely inadequate development to constitute a real argument."). Just as in *Bass*, the Commissioner points out that plaintiff's argument would require the court to comb through hundreds of pages just to determine which ones had already been considered by the ALJ. *See Thomas v. Halter*, 131 F. Supp.2d 942, 945 (E.D. Mich. 2001), citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (emphasizing that "judges are not like pigs, hunting for truffles buried in" the transcript). Thus, the Commissioner contends that plaintiff's argument concerning Exhibit 11F should therefore be considered waived.

And, even if the documents in Exhibit 11F were considered new, the Commissioner argues that the duplicative nature of these records means that they are not material. In order to prove that new evidence was material, a claimant must show that there was a "reasonable probability" that the Commissioner would have reached a different conclusion on the issue of disability if he was presented with the new evidence. *Hollon*, 447 F.3d at 485. According to the Commissioner, plaintiff failed to show that there was a reasonable probability that the ALJ would

have reached a different conclusion on the issue of disability.  As noted above, the treating records of Dr. George (Exhibit 11F) were considered by the ALJ as they are in large part identical to the treatment records of Dr. George submitted in Exhibit 9F and in Dr. George's deposition testimony.  Plaintiff does not dispute the ALJ's consideration of Exhibit 9F.  Turning to Exhibit 11F, the Commissioner points out that plaintiff does not identify or discuss any records in Exhibit 11F or even attempt to argue that any of these records are material.  Thus, plaintiff fails to satisfy his burden of proving a reasonable probability that the ALJ would have reached a different conclusion and the Commissioner contends that remand for consideration of the consideration of the documents in Exhibit 11F is not warranted.

The Commissioner also contends that plaintiff fails to prove that the documents in Exhibit 12F were new (i.e., not in existence or not available).  The documents contained in Exhibit 12 F (Tr. 939-1106) are treatment records from the Veterans Administration, dating from 2003 through 2006.  (*See* Tr. 943-45, summarizing the treatment and dates).  Plaintiff's cover letter to the Appeals Council submitting these documents suggests that his substance abuse issues had made it difficult for him to identify prior treatment providers.  (Tr. 941).  However, the Commissioner argues that plaintiff's claim makes little sense because he provided numerous records from the Veterans Administration (VAMC) prior to the

administrative proceedings.  (*See* Tr. 310-403, 417-32, 433-47, 515-63).  Thus,

plaintiff fails why explain why these records were not available at the time of the

administrative hearing, but other records from the Veterans Administration were

available.

The Commissioner also argues that even if the evidence in Exhibit 12F were

considered "new" evidence, plaintiff fails to provide an argument for why it was

not submitted prior to the hearing (or in the 45 days after the hearing when the ALJ

held the record open).  "A claimant shows good cause by demonstrating a

reasonable justification for the failure to acquire and present the evidence for

inclusion in the hearing before the ALJ."  *Hollon*, 447 F.3d at 485 (quotation

marks omitted).  Plaintiff offers no plausible explanation for why the Veterans

Administration records in 12F were not obtained prior to the hearing; and thus,

according to the Commissioner, plaintiff failed to satisfy the "good cause"

requirement.  *See id.*

The Commissioner also contends that plaintiff also fails to prove that any of

the documents submitted in Exhibit 12F, treatment records from the Veterans

Administration, were material.  Plaintiff discusses only three records from this

Exhibit - two records concerning hospitalizations in 2003 and plaintiff's

complaints of hand and feet problems.  The Commissioner maintains that there is

nothing about either of these records that suggests the ALJ would have reached a

different conclusion.  Plaintiff was hospitalized in April and May of 2003 related to alcohol dependence.  (Tr. 947, 952).  Plaintiff argues that records concerning the hospitalizations demonstrate a history of mental issues.  However, contrary to plaintiff's argument, plaintiff was not diagnosed with any underlying psychiatric problems (e.g., anxiety, depression, etc).  (Tr. 247, 252).  And, plaintiff denied any prior psychiatric hospitalizations and said he saw a psychologist for supportive therapy about two years earlier related to possible sexual harassment at work.  (Tr. 948, 953).  Plaintiff did not identify any psychiatric treatment in those intervening two years, while he was allegedly disabled.  (Tr. 948, 953).  Plaintiff cites to Global Assessment of Functioning (GAF) scores assigned at these hospitalizations of 30 and 35.  A GAF score, however, is not raw medical data.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 503 (6th Cir. 2006).  A GAF score is "merely a subjective opinion" and is "not a rating of [a claimant's] ability to work."  (Tr. 29).  *See Kennedy v. Astrue*, 247 Fed.Appx. 761, 766 (6th Cir. 2007).  In direct contradiction to plaintiff's argument, the Commissioner points out that the Sixth Circuit has recognized that "we are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place."  *Kornecky*, 167 Fed.Appx. at 511.  The Commissioner also points out that plaintiff's argument conveniently ignores the GAF scores assigned following detoxification, which was 50.  (Tr. 947, 952).  *See Keeler v. Comm'r of Soc. Sec.*, 2013 WL

133557, at *1 (6th Cir. 2013) ("Further, the ALJ was not required to consider Keeler's GAF scores, and, in any case, the scores [50 and 52] were not sufficient to undermine the ALJ's analysis") (citations omitted).

Plaintiff also argues that the Veterans Administration records at 12F support his allegations of long-standing problems with his right hand and both feet. The Commissioner contends that the cited record does not support plaintiff's argument. Plaintiff complained of longstanding problems with a growth on his fifth finger that caused his finger to curve in. However, there are no abnormal physical examination findings relating to plaintiff's right hand or anything to suggest any work-related functional limitations. (Tr. 960). At the same visit, plaintiff also complained of long-standing problems with masses on the bottom of his feet that he thought might be tumors. (Tr. 960). The doctor noted some soft-tissue masses on the bottom of his feet with only mild tenderness to palpitation. (Tr. 960). The doctor did not indicate any work-related functional limitations. (Tr. 960). At the hearing, the ALJ asked plaintiff to identify his physical problems that prevented him from working, he did not indicate he had any problem with his feet (Tr. 51-52). During the hospitalizations in 2003, plaintiff denied any physical activity limitations. (Tr. 950). Given the insignificance of the findings related to plaintiff's right and feet, notably only mild findings or no abnormal findings, and the absence of an work-related physical limitations, the Commissioner contends

that plaintiff fails to prove a reasonable probability that the ALJ would have

reached a different conclusion concerning disability.  Accordingly, the

Commissioner argues that plaintiff fails to prove that remand is warranted under

Sentence six for the documents contained in Exhibit 12F.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is

not found during this administrative review process, the claimant may file an

action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence."). "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul.

96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*,

245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of

> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusions</u>

        1.    Mental Impairment

The ALJ concluded that plaintiff has the residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertiona1 1eve1s but the claimant requires unskilled, routine, non-production -oriented work with only occasional contact with coworkers and supervisors. The claimant must avoid all contact with the general public and he requires work that involves only minimal changes in the work setting. The claimant can finger and handle objects with the right upper extremity on a frequent basis.

(Dkt. 5-2, Pg ID 52).  Plaintiff does not, however, explain how his moderate impairment in concentration, persistence, or pace is not fully accounted for in this RFC.  Plaintiff argues that moderate deficiencies in concentration, persistence, or pace suggest substantial limitations that must be acknowledged in the hypothetical question. *Edwards v. Barnhart*, 383 F.Supp.2d 920, 931 (E.D. Mich. 2005). The failure to account for moderate deficiencies in concentration, persistence, or pace in the hypothetical question can constitute reversible error.  However, the evidence of record and the ALJ's opinion must be considered in their entirety in determining whether the hypothetical limitations adequately describe the claimant's limitations.

*Schalk v. Commissioner of Social Sec.*, 2011 WL 4406824, *11 (E.D. Mich. 2011) ("no bright-line rule" that moderate concentrational deficiencies require the inclusion of certain hypothetical limitations), citing *Hess v. Comm'r of Soc. Sec.*, 2008 WL 2478325, at *7 (E.D. Mich. 2008); *Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375, at *3 (E.D. Mich. 2010) (distinguishing *Edwards* and holding that "[d]ecisions in this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work").  Thus, "there is no bright-line rule requiring remand whenever an ALJ's hypothetical includes a limitation of 'unskilled work' but excludes a moderate limitation in concentration.  Rather, this Court must look at the record as a whole and determine if substantial evidence supports the ALJ's decision." *Taylor v. Comm'r of Soc. Sec.*, 2011 WL 2682682 at * 7 (E.D. Mich. 2011), *adopted by* 2011 WL 2682892 (E.D. Mich. J2011).  Further, an ALJ is not required to include the phrase "moderate deficiencies in concentration, persistence, and pace" or other talismatic language in the hypothetical.  *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

In this case, the limitations in the ALJ's hypothetical question and the resulting RFC are fully supported by the opinions of Drs. Boneff and Blake.  Moreover, plaintiff's moderate limitation in concentration, persistence or pace is fully accounted for in the limitation to unskilled, routine, and non-production

work.  *See Coleman v. Comm'r of Soc. Sec.*, 2013 WL 1316913, *12 (E.D. Mich. 2013) (The ALJ sufficiently addressed plaintiff's moderate concentrational limitations by restricting him to "non-production oriented" and "simple, unskilled work"); *see also Dietzel v. Comm'r of Soc. Sec.*, 2012 WL 3542493, *1-2 (E.D. Mich. 2012).  Plaintiff simply does not address why the limitation to unskilled, routine, and non-production work is not adequate in this case to address plaintiff's specific moderate limitation in concentration persistence or pace and the undersigned finds no basis to reverse the ALJ on this basis.

   2.   Sentence Six

   Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding.  *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005).  Courts "are not free to dispense with these statutory requirements."  *Hollon*, 447 F.3d at 486.  "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed. Appx. 593, 598-99 (6th Cir. 2001).  A plaintiff attempting to introduce new evidence must explain why the evidence was not

obtained earlier and submitted to the ALJ before the ALJ's decision.  *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc. Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Sox. Sec.*, 79 Fed. Appx. 852, 859 (6th Cir. 2003).  Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed. Appx. 547, 550 (6th Cir. 2007).

Plaintiff request for remand under sentence six suffers from several defects. As to plaintiff's mental limitations, the additional medical evidence is best characterized as cumulative to the evidence already considered by the ALJ. As such, it is not considered "new" for purposes of sentence six of § 405(g).  *Fullum v. Astrue*, 2013 WL 2086250 (N.D. Ohio 2013), citing *Elliott v. Apfel*, 2002 WL 89668 at * 4 (6th Cir. 2002) (finding remand was not warranted because "the purportedly new evidence is not new at all; it is merely cumulative.").  Here, the Commissioner correctly points out that the ALJ considered extensive records from Dr. George over a long period of time and that plaintiff points to nothing specific from the materials submitted to the Appeals Council that was notably different that

the materials already contained in the record and considered by the ALJ.

Moreover, even if the post-ALJ decision medical records were considered "new," plaintiff's request for remand would nevertheless fail because the records are not "material." As noted above, evidence is "material" only if "there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Foster*, 279 F.3d at 357. Here, plaintiff has not demonstrated that the additional evidence as to his physical conditions or mental impairments would have caused the ALJ to reach a different conclusion. Rather, as to plaintiff's mental impairments, plaintiff does not point to anything that would have likely changed the ALJ's RFC, such that the ALJ would have concluded that plaintiff so much more limited as to be disabled while he was considered a "younger" individual under the regulations. As to plaintiff's physical impairments, even if the additional evidence suggests that the ALJ might have found additional "severe" impairments, plaintiff offers no analysis suggesting how these additional impairments would have resulted in the ALJ imposing additional functional limitations on plaintiff. Notably, the Appeals Council considered these records in evaluating plaintiff's SSI claim and changed nothing as to plaintiff's residual functional capacity. For these reasons, the undersigned finds that the evidence is not "material." The undersigned also concludes that plaintiff has not shown "good cause." While plaintiff alludes to

some vague difficulties obtaining records from the VA, there is no explanation as to why some records were able to be submitted during the 45 day period the ALJ kept the record open after the hearing.  Thus, the undersigned concludes that plaintiff has not established "good cause" for remand under sentence six.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, and defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 12, 2013                     s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on <u>August 12, 2013</u>, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: <u>Norton J. Cohen, William L. Woodard, AUSA,
Meghan O'Callaghan and the Commissioner of Social Security</u>.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7850
                                          tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Zizzo v. Comm'r*; Case No. 12-14042